IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY DANIEL THOELE, (TDCJ #01784662) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2337 |
| MARC HAMLIN, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Troy Daniel Thoele, is an inmate in custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ). Thoele has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he proceeds *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings, the Court concludes that this case must be dismissed for the reasons explained below.

I.  **Background**

Thoele is presently confined by TDCJ at the Huntsville Unit as the result of several state-court convictions entered against him in Brazos County, Texas. The defendants in this case are Brazos County District Clerk Marc Hamlin and the Honorable Travis Bryan, III, who presided over the criminal cases against Thoele in the 272nd

District Court for Brazos County. The complaint concerns Thoele's effort to challenge his underlying convictions on state collateral review, which is summarized briefly below.

After entering open guilty pleas in five separate cause numbers, Thoele was convicted of 50 counts of unlawful possession of child pornography.[1] On April 12, 2012, Judge Bryan sentenced Thoele to ten years' imprisonment on 48 of the counts with the sentences to run concurrently, five years' imprisonment on one count, stacked, and ten years' imprisonment on the remaining count, also to run consecutively. *Thoele v. State*, 2012 WL 5696428, at *1 (Tex. App.—Waco 2012, pet. ref'd) (mem. op.). On November 15, 2012, the Tenth Court of Appeals of Texas affirmed the judgments in each cause number; and subsequently, the Texas Court of Criminal Appeals refused discretionary review. *Id.*

To date, Thoele has filed applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on three separate occasions.[2] Thoele's first state writ applications, in which he collaterally challenged his convictions, were denied by the Court of Criminal Appeals. *Ex parte Thoele*, Nos. WR-80,833-05 to WR-80,833-09. Thoele's second state writ application, in which he asserted a challenge to his eligibility for mandatory supervision, was dismissed for non-compliance with Texas Rule of Appellate Procedure 73.1. *Ex parte Thoele*, No. WR-80,833-12.

---

[1] Trial Court Numbers 11-03883-CRF-272, 11-03884-CRF-272, 11-03885-CRF-272, 11-03886-CRF-272, and 11-03887-CRF-272.

[2] The Court takes judicial notice of information pertaining to the status of Thoele's state habeas proceedings from publicly available state court records. *See* Website for the Texas Court of Criminal Appeals, available at http://www.txcourts.gov/cca; *see also* Website for Brazos County Judicial Records Search, available at https://justiceweb.brazoscountytx.gov/BrazosPortal/.

In July 2016, Thoele filed his third set of state writ applications, again raising issues related to mandatory supervision. In August 2016, the State filed a motion requesting the designation of issues, along with a proposed order. Thoele's state habeas proceedings remain pending in the trial court.

In March 2017, Thoele moved the Court of Criminal Appeals for leave to file a writ of mandamus, alleging that more than 35 days had elapsed since he filed his state writ application and that the application had not yet been forwarded to the Court of Criminal Appeals as required by Article 11.07 of the Texas Code of Criminal Procedure. *In re Thoele*, No. WR-80,833-13. On March 29, 2017, the Court of Criminal Appeals ordered the District Clerk of Brazos County to file a response by either submitting the record on Thoele's state writ application, submitting a copy of a timely filed order which designates issues to be investigated, or stating that Thoele has not filed an application for a writ of habeas corpus in Brazos County. *Id.*, Order dated March 29, 2017. On April 25, 2017, Hamlin forwarded a copy of the "Respondent's Motion Requesting the Designation of Issues with Proposed Order" filed in response to Thoele's state writ application; the proposed order designating issues was unsigned. On April 28, 2017, Hamlin forwarded a copy of the same motion with the proposed order signed by Judge Bryan. Thoele's mandamus proceeding remains pending in the Court of Criminal Appeals.

On July 26, 2017, Thoele executed his complaint under 42 U.S.C. § 1983. Thoele alleges that Hamlin refuses to transmit Thoele's state application for a writ of habeas corpus to the Court of Criminal Appeals, in violation of state law. (Docket Entry 1, at 3). Thoele further asserts Judge Bryan issued an illegal order designating issues which

interfered with the state habeas process; Thoele contends this order is illegal because Judge Bryan signed it outside of the twenty-day time period allotted for the convicting court to enter such an order. *Id.* at 3, 8–9. Thoele seeks a trial by jury, a declaratory judgment that his due process rights were violated, a permanent injunction directing the defendants to follow state law, and an award of damages and costs of an unspecified amount. *Id.* at 4.

## II. Discussion

### A. Defendant Judge Bryan is entitled to judicial immunity.

The Supreme Court has established that "generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted). Judicial immunity serves to safeguard "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Judicial immunity is overcome only when the acts were "not taken in the judge's judicial capacity," or when they were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted).

The Fifth Circuit has further explained that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise

4

of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1995) (per curiam) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 545 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). The foregoing factors are construed broadly in favor of immunity. *Id.*

To the extent Thoele's claims against Judge Bryan have any content, they are focused on the manner in which he has presided over Thoele's state habeas proceedings. Such conduct manifestly falls into the category protected from suit, and Thoele's claims against him therefore fail to overcome judicial immunity. Further, although judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, this Court has no authority to direct state courts or their judicial officers in the performance of their duties. *See LaBranche v. Becnel*, 559 F. App'x. 290, 290 (5th Cir. 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985)); *Moye v. Clerk,*

*DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Accordingly, Thoele's claims against Judge Bryan will be dismissed.

### B. Defendant Hamlin is entitled to quasi-judicial immunity.

Nor can Thoele demonstrate liability with respect to Hamlin. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mylett v. Mullican*, 992 F.2d 1347, 1352 n.36 (5th Cir. 1993) (quoting *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)). When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided that the acts complained of are within his professional functions. *See Mullis*, 828 F.2d at 1390. This protection is not limited to immunity from damages but extends to actions for declaratory, injunctive, and other equitable relief. *Id.* at 1394. Thoele's allegations against Hamlin fail to overcome his entitlement to immunity in this instance and, therefore, the claims against him will be dismissed.

## III. Plaintiff's Motions

Thoele has filed two motions for a temporary restraining order and preliminary injunction. (Docket Entry Nos. 6, 7). In both of those motions, Thoele asks this Court to restrain Judge Bryan from any further involvement in his state habeas proceedings. *Id.*

To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *Planned Parenthood of*

6

*Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser–Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847–48 (5th Cir. 2004). Thoele does not demonstrate he is entitled to injunctive relief. Thoele's motions are denied.

## IV. Conclusion

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Troy Thoele, (Docket Entry No. 1), is **DISMISSED** with prejudice as frivolous and for seeking monetary damages from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b)(1)–(2).

2. The dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

3. Thoele's motions for a temporary restraining order and preliminary injunction, (Docket Entry Nos. 6, 7), are **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on ___OCT 18 2017___.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

7